Bobby Benjy, Esq. (Bar No. 211569)
BENJY LAW CORPORATION
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 203-2650
bob@benjylaw.com

- And -

Marc A. Lieberman, Esq. (Bar No. 157318)
Alan W. Forsley, Esq. (Bar No. 180958)
FREDMAN LIEBERMAN PEARL LLP
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone: (310) 284-7350
Fax: (310) 432-5999
alan.forsley@flpllp.com

Attorneys for Plaintiffs
GLOBAL APPROACH, INC., a Florida
Corporation and REMARES GLOBAL LLC,
a Florida limited liability company

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br>IGOR SHABANETS,<br><br>　　　　Debtor. | Case No. 8:19-bk-14912-TA<br><br>Chapter 11<br><br>Adversary No.: |
| GLOBAL APPROACH, INC., a Florida<br>corporation; REMARES GLOBAL LLC, a<br>Florida limited liability company<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ROCK STAR BEVERLY HILLS LLC, a<br>Nevada limited liability company; IGOR<br>SHABANETS, an individual; DOES 1 through<br>20, inclusive,<br><br>　　　　Defendants. | **NOTICE OF REMOVAL OF CIVIL<br>ACTION TO UNITED STATES<br>BANKRUPTCY COURT** |

1

1   **TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND ALL PARTIES**

2   **IN INTEREST: PLEASE TAKE NOTICE THAT** pursuant to Rule 9027 of the Federal Rules of

3   Bankruptcy Procedure and 28 U.S.C. § 1452, plaintiffs Global Approach, Inc., a Florida corporation,

4   and Remares Global LLC, a Florida limited liability company (collectively, "**Plaintiff**"), hereby

5   remove to the United States Bankruptcy Court for the Central District of California, Santa Ana

6   Division, all three (3) claims for relief set forth in that certain state court case styled <u>Global Approach,</u>

7   <u>Inc., et al. v. Rock Star Beverly Hills LLC, et al.,</u> Case No. 30-2019-01113104-CU-NP-CJC, presently

8   pending in the Orange County Superior Court, Central Justice Center (the "**Action**") located at 700 W.

9   Civic Center Drive, Santa Ana, California 92701 (the "**Superior Court**").

10        The only counsel who has appeared in the Action is Bobby Benjy of Benjy Law Corporation

11   (attorneys for Plaintiff), 10250 Constellation Blvd., Suite 100, Los Angeles, California 90067 – who

12   appeared on behalf of Plaintiff. No other appearances have yet been made in the Action.

13        **PLEASE TAKE FURTHER NOTICE THAT** Defendants' removal of the Action is based

14   on the following facts:

15        1.     On November 20, 2019, Plaintiff filed the Action against Rock Star Beverly Hills

16   LLC, a Nevada limited liability company ("**Rock Star**"), in the Superior Court. Rock Star's charter

17   with the Nevada Secretary of State is "revoked" and its charter with the California Secretary of State

18   is indicated as "SOS Forfeited."

19        2.     All defendants in the Action have been served. None have yet filed any responsive

20   pleading or made any appearance in the Action.

21        3.     On December 21, 2019 ("**Petition Date**"), Debtor individually filed a voluntary

22   Chapter 11 petition under Title 11 of the United States Code, commencing *In re Igor Shabanets*, Case

23   No. 8:19-bk-14912-TA ("**Bankruptcy Case**"). The Bankruptcy Case has since been converted to

24   one under Chapter 7 of the Bankruptcy Code.

25        4.     The Action is primarily a fraudulent conveyance action concerning the real property

26   and improvements thereon commonly known as 2 Monarch Cove, Dana Point, California 92629

27   (Orange County APN: 672-461-21) ("**Property**"). The transfer, made on or about October 30, 2019,

28   less than two months prior to the Petition Date, was from debtor Igor Shabanets to Rock Star and

1  Plaintiff contends that it was made without receipt of reasonaly equivalent consideration, with intent to

2  hinder, delay or defraud Debtor's creditors and in violation of California Civil Code Sections

3  3439.04(a)(1) and 3439.05, among other things.  A true and correct copy of the Complaint in the Action

4  is attached hereto as "**Exhibit 1**."

5       5.       Prior to the transfer, on May 13, 2019, Plaintiff recorded an astract of judgment against

6  the Property for a $10.3+ million judgment Plaintiff has against Debtor.  That abstract gave rise to a

7  lien on the equity in the Property, which had long-since seasoned prior to the Petition Date.

8       6.       Plaintiff consents to the jurisdiction and adjudication of this dispute and to entry of final

9  orders or judgment by the Bankruptcy Court.

10      7.       The bankruptcy court has core jurisdiction over this matter pursuant to 28 U.S.C.

11  Section 157(b)(2)(H) because it is a proceeding to determine, avoid, and recover a fraudulent

12  conveyance.

13      8.       The Action is a civil action other than (i) a proceeding before the Tax Court or (ii) a

14  civil action by a governmental unit brought pursuant to its regulatory or police powers.

15      9.       The action seeks to avoid Debtor's transfer of real property to a limited liability

16  company and have the bankruptcy court determine it is property of Debtor's bankruptcy estate.

17      10.      Attached as **Exhibit "2"** is a copy of the Notice of Status Conference re Removal

18  of Action.

19  DATED: February 19, 2020                    BENJY LAW CORPORATION

20

21                                    By:    B. Benjy

22                                           Bobby Benjy
                                             Attorneys for Global Approach, Inc., a Florida
23                                           corporation, and Remares Global LLC, a Florida
                                             limited liability company
24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT 1**

Electronically Filed by Superior Court of California, County of Orange, 11/20/2019 12:24:59 PM.
DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk. 30-2019-01113104-CU-NP-CJC ROA # 2

1

Bob Benjy (SBN 211569)
BENJY LAW CORPORATION

2

10250 Constellation Blvd., Suite 100

3

Los Angeles, California 90067
Telephone: (310) 203-2650

4

www.BenjyLaw.com

5

Attorneys for plaintiffs GLOBAL APPROACH, INC.

6

and REMARES GLOBAL LLC

7

8

**SUPERIOR COURT OF CALIFORNIA**

9

**COUNTY OF ORANGE**

10

Judge Gregory H. Lewis

11

GLOBAL APPROACH, INC., a Florida
corporation; REMARES GLOBAL LLC,

12

a Florida limited liability company,

13

            Plaintiff,

14

        v.

15

ROCK STAR BEVERLY HILLS LLC, a

16

Nevada limited liability company; IGOR
SHABANETS, an individual; DOES 1 through

17

20, inclusive,

18

            Defendants.

19

20

21

22

23

24

25

26

27

28

**[UNLIMITED CIVIL ACTION]**

Case No.: 30-2019-01113104-CU-NP-CJC

**COMPLAINT FOR:**

**(1) FRAUDULENT CONVEYANCE (Cal. Civ. Code § 3439.04(a)(1));**

**(2) FRAUDULENT CONVEYANCE (Cal. Civ. Code § 3439.05); AND**

**(3) CANCELLATION OF RECORDED INSTRUMENT (Cal. Civ. Code § 3412)**

- 1 -

COMPLAINT

EXHIBIT        1

Ⓑ
BENJY LAW
CORPORATION

Plaintiffs GLOBAL APPROACH, INC., a Florida corporation, and REMARES GLOBAL LLC, a Florida limited liability company, complain and allege as follows:

### GENERAL ALLEGATIONS

**A.      The Parties.**

1.      At all times herein mentioned, plaintiff GLOBAL APPROACH, INC. ("Global") was and now is a corporation existing under and by virtue of the laws of the State of Florida with its principal place of business in that state.  Global is a judgment creditor as against  non-party transferor Igor Shabanets ("I. Shabanets") with a judgment exceeding $4.5 million that remains almost entirely uncollected as of the filing of this Complaint.

2.      At all times herein mentioned, plaintiff REMARES GLOBAL LLC ("Remares," and collectively with Global, "Plaintiffs") was and now is a limited liability company existing under and by virtue of the laws of the State of Florida with its principal place of business in that state.  Remares is a judgment creditor as against I. Shabanets with a judgment exceeding $10.3 million that remains almost entirely uncollected as of the filing of this Complaint.

3.      Defendant ROCK STAR BEVERLY HILLS LLC ("RSBH") was and now is a limited liability company existing under and by virtue of the laws of the State of Nevada and registered to do business in California.  Plaintiffs are informed and believe and thereon allege that RSBH's principal place of business is in the State of California, County of Orange.  RSBH is the purported transferee of title to the real property that is at issue in this Complaint and took title thereto from non-party transferor Igor Shabanets.  On information and belief, I. Shabanets is a principal of RSBH.  As of the filing of this Complaint: (a) RSBH has a "revoked" charter with the Nevada Secretary of State; and (b) the website of the California Secretary of State provides that RSBH has a "SOS Forfeited" designation of status.

4.      Defendant I. SHABANETS is an individual residing in the County of Orange, State of California.  He is married to non-party Olga Shabanets ("O. Shabanets").  I. Shabanets and O. Shabanets both reside at the subject real property that is at issue in this action in the City of Dana Point, County of Orange, State of California.

- 2 -

COMPLAINT

5.      This Court is the proper court for the trial of this action because the real property that is at the center of this action is physically situated in the City of Dana Point, County of Orange, State of California. In addition, I. Shabanets resides in the City of Dana Point, County of Orange, State of California.

6.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as fictitiously named Defendants are in some manner responsible for the events and happenings herein referred to, either contractually or tortuously, and caused the damage to Plaintiffs as herein alleged. When Plaintiff ascertains the true names and capacities of DOES 1 through 20, inclusive, they will ask leave of this Court to amend this Complaint by setting forth the same.

**B.      The Judgments Against Igor Shabanets.**

7.      Remares obtained a Florida state court money judgment against I. Shabanets, which foreign judgment was later domesticated in California as a Sister-State Judgment ("Remares Judgment"). The Sister-State Remares Judgment was entered in California on or about April 29, 2019, and awards $10,324,378.84 in money damages in favor of Remares and against I. Shabanets. To date, practically the entire balance of the Remares Judgment remains uncollected.

8.      Separately, Global also obtained a different Florida state court money judgment against I. Shabanets, which foreign judgment was also later domesticated in California as a different Sister-State Judgment ("Global Judgment," and collectively with the Remares Judgment, the "Judgments"). The Sister-State Global Judgment was entered in California on or about October 1, 2019, and awards $4,500,532.74 in money damages in favor of Global and against I. Shabanets. To date, the entire balance of the Global Judgment remains uncollected.

**C.      The Property.**

9.      On or about April 14, 2015, RSBH took title to the real property and improvements thereon commonly known as 2 Monarch Cove, Dana Point, California 92629 (Orange County APN: 672-461-21) (the "Property") in exchange for a purchase price of $5.5 million.

- 3 -

BENJY LAW

10.     On or about March 22, 2016, title to the Property was transferred from RSBH to I. Shabanets as his sole and separate property. The Grant Deed associated with the foregoing transfer is dated March 22, 2016 and was recorded in the Official Records of the County of Orange, State of California on March 29, 2016 as Instrument No. 2016000132470 and is executed by I. Shabanets (in lieu of RSBH). It provides, on its face: "The grantors [(i.e., RSBH)] and the grantees [(i.e., I. Shabanets)] in this conveyance are comprised of the same parties who continue to hold the same proportionate [(sic)] in the property, R & T 11923(d) [(sic)]".[1]

11.     On or about March 29, 2016, after title to the Property had already been transferred to I. Shabanets, third-party BOFI Federal Bank made a $3,000,000 consumer mortgage loan against the Property to I. Shabanets ("BOFI Loan"). On information and belief, as of the time of the filing of this Complaint, the current estimated outstanding principal sum of the BOFI Loan is $2.8 million.

**D.      The Remares Abstract of Judgment.**

12.     On May 13, 2019, while the Property was still vested in I. Shabanets, Remares caused an Abstract of Judgment issued against I. Shabanets to be recorded in the Official Records of the County of Orange, State of California, as Instrument No. 2019000159467, which abstract corresponds with the Remares Judgment ("Remares Abstract").

---

[1] The correct citation is presumably to R&T 11925(d), which provides:

> No levy shall be imposed pursuant to this part by reason of any transfer between an individual or individuals and a legal entity or between legal entities that results solely in a change in the method of holding title to the realty and in which proportional ownership interests in the realty, whether represented by stock, membership interest, partnership interest, cotenancy interest, or otherwise, directly or indirectly, remain the same immediately after the transfer.

- 4 -

COMPLAINT

**E.     The Transfer of Title to the Property Back to RSBH.**

13.     On October 30, 2019, a Grant Deed was recorded in the Official Records of the

County of Orange, State of California, as Instrument No. 2019000428501 (the "Subject Deed").

The Subject Deed, which is back-dated to June 1, 2016, purports to transfer title to the Property

from I. Shabanets back to RSBH ("Property Transfer").  A true and correct copy of the Subject

Deed is attached hereto as **Exhibit 1** and incorporated herein.

14.     On information and belief, I. Shabanets received absolutely no consideration

whatsoever in exchange for his execution, delivery and/or the recordation of the Subject Deed or

for the Property Transfer.

15.     The Subject Deed includes the following language just above the signature line

executed by I. Shabanets:

> "*NOTE – Document No. 2016000132470 was a Grant Deed recorded on
> 03/29/2016 to change the manner in which title to the real property referenced
> herein was held with grantor (Rock Star Beverly Hills, LLC) and grantee
> (Igor Shabanets) comprised of the same parties who continued to hold the
> same proportionate interest. Thereafter, this instant Grant Deed was executed
> on 06/01/2016 and supposed to be recorded by Parkfield Escrow, Inc., who
> recorded Document No. 2016000132470, to change the manner in which title
> to the real property referenced herein was held with grantor (Igor Shabanets)
> and grantee (Rock Star Beverly Hills, LLC) comprised of the same parties
> who continued to hold the same proportionate interest thereby reversing the
> previously recorded Grant Deed Document No. 2016000132470.  However,
> Parkfield Escrow, Inc., errantly failed to record this instant Grant Deed.
> Grantor (Igor Shabanets) and Grantee (Rock Star Beverly Hills, LLC) just
> recently discovered this and now record this Grant Deed to correct that error."

16.     Notwithstanding the "as of" date of the Subject Deed (June 1, 2016), the notary

acknowledgement attached thereto indicates that the Subject Deed was executed before the notary

public 40 months later, on October 30, 2019, the same day it was recorded in the Official Records.

17.     The recording requested information and when recorded mail to address at the top

of the Subject Deed provides:

**RECORDING REQUESTED
AND WHEN RECORDED MAIL TO:**
Rock Star Beverly Hills LLC
c/o Olga Shabanets, Trustee
2 Monarch Cove

- 5 -



COMPLAINT



Dana Point, CA 92629

Olga Shabanets is the spouse of I. Shabanets and the Property is both of their principal place of residence.

18.     Plaintiffs are informed and believe and thereon allege that I. Shabanets, with the cooperation, encouragement and material assistance of Olga Shabanets, knowingly and fraudulently created the Subject Deed and intentionally back-dated that instrument with the purpose and intent of seeking to retroactively "release" the Property from lien of the Remares Abstract and avoid the reach of any new abstract lien Global might later attempt to attach to the Property. Plaintiffs are informed and believe and thereon allege that the Subject Deed is a sham instrument premised on falsehoods (*see* the *Note explanation cited above) which was recorded with the intent to avoid the lien of the Judgments.

**F.     Global's Recordation of an Abstract of Judgment in the County of Orange.**

19.     On November 7, 2019, in connection with the Global Judgment, Global caused an Abstract of Judgment to be recorded in the Official Records of the County of Orange, State of California as Instrument No. 2019000443522 ("Global Abstract").

20.     The primary purpose of the Global Abstract was to secure I. Shabanets' payment obligations to Global under the Global Abstract by attaching to the Property. However, Global later discovered that I. Shabanets had already recorded the Subject Deed on October 30, 2019, thereby thwarting Global's ability to secure the Global Judgment with the Property (i.e., the Global Abstract never attached to the Property because by the time it was recorded, the Property had already been transferred from Global's judgment debtor, I. Shabanets, to RSBH ("Subject Transfer")).

**FIRST CAUSE OF ACTION**

**(For Actual and Intentional Fraudulent Conveyance Against**

**All Defendants - Civ. Code § 3439.04(a)(1)**

21.     Plaintiffs refers to, reallege and incorporate herein by this reference paragraphs 1 through 20, above, as if specified here.

- 6 -

COMPLAINT

0010

22.     Plaintiff is informed and believes and thereon alleges that, on or about October 30, 2019, I. Shabanets, with the material assistance, cooperation, knowledge, consent and encouragement of O. Shabanets, caused the Subject Transfer to occur with actual intent to hinder, delay, or defraud creditors, including Remares and/or Global, all in violation of Civil Code Section 3439.04(a)(1) and also Penal Code section 531.

23.     The Court should: (a) set aside, annul, and/or declare the Subject Deed void (pursuant to Civ. Code § 3439.07(a)(1)), effectively transferring title to the Property back to I. Shabanets; and (b) enjoin further disposition of title to the Property without further court order (pursuant to Civ. Code § 3439.07(a)(3)(A)).

## SECOND CAUSE OF ACTION

### (For Constructive Fraudulent Conveyance

### Against All Defendants – Civ. Code § 3439.05)

24.     Plaintiffs refers to, reallege and incorporate herein by this reference paragraphs 1 through 23, above, as if specified here.

25.     Plaintiffs are informed and believe and thereon allege that the Subject Transfer was made without receipt by I. Shabanets of reasonably equivalent value and that I. Shabanets was either insolvent at the time of the transfer or was rendered insolvent as a result thereof. Plaintiffs are also informed and believe and thereon allege that the aforementioned transfers were in violation of Civil Code Section 3439.05.

26.     Plaintiffs are informed and believe and thereon allege that at or about the time the Subject Transfer was made, I. Shabanets was generally not paying his debts as they became due.

27.     The Court should: (a) set aside, annul, and/or declare the Subject Deed void (pursuant to Civ. Code § 3439.07(a)(1)), effectively transferring title to the Property back to I. Shabanets; and (b) enjoin further disposition of title to the Property without further court order (pursuant to Civ. Code § 3439.07(a)(3)(A)).

- 7 -

COMPLAINT

0011

### THIRD CAUSE OF ACTION

**(For Cancellation of Recorded Instrument – Civ. Code § 3412)**

28.    Plaintiffs refers to, reallege and incorporate herein by this reference paragraphs 1 through 27, above, as if specified here.

29.    The Subject Deed is fraudulent in nature and has injured, harmed, and damaged the interests of Plaintiffs and each of them.  The Subject Deed is misleading in that it fraudulently suggests that it was executed on June 1, 2016, when in fact it was not executed until October 30, 2019, after the Remares Abstract had already been recorded against the Property.

30.    Allowing the Subject Deed to remain of record is misleading and confusing to third parties including future purchasers of the Property, escrow and title companies, in that that instrument may inadvertently cause one to conclude that the Remares Abstract never attached to the Property.  Should this occur, a future sale transaction to a third-party may close without any payment to either of the Plaintiffs on their respective Judgments, unnecessarily giving rise to additional future litigation and further prejudicing Plaintiffs and each of them.

31.    Allowing the Subject Deed to remain of record is also prejudicial to Global in that the Global Abstract is artificially prohibited from attaching to the Property (i.e., the Global Abstract is directed against Global's judgment debtor, I. Shabanets, and cannot attach to the Property while the Property is vested of record to RSBH, a non-judgment debtor entity).

32.    Allowing the Subject Deed to remain of record is also prejudicial to both Plaintiffs in that it makes it impossible for either Plaintiff to pursue a Sheriff's execution sale of the Property since the Property is no longer vested in the name of their judgment debtor, I. Shabanets.

33.    Plaintiff prays that the Court enter a judicial decree under Civil Code Section 3412 deeming the Subject Deed void *ab initio*, thereby causing title to the Property to revert back to I. Shabanets.

**WHEREFORE,** Plaintiff prays Judgment against all defendants as follows:

1.    For a judgment setting aside, annulling, and/or declaring the Subject Transfer and Subject Deed void; and/or

- 8 -

COMPLAINT

0012

1

       2.     For a judgment enjoining further disposition of the Property without

2

further court order; and/or

3

       3.     For a judicial decree voiding the Subject Deed *ab initio*; and/or

4

       4.     Such other and further relief as the Court deems just and proper.

5

6

DATED: November 20, 2019         BENJY LAW CORPORATION

7

8

           By: _____

9

                 BOB BENJY

                 Attorneys for plaintiffs GLOBAL APPROACH,

                 INC. and REMARES GLOBAL LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>EXHIBIT 1</u>**

COMPLAINT



90

RECORDING REQUESTED
AND WHEN RECORDED MAIL TO:

Rock Star Beverly Hills LLC
c/o Olga Shabanets, Trustee
2 Monarch Cove
Dana Point, CA 92629

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*$R D 0 1 1 2 3 9 6 5 $*   24.00
2019000428501 1:04 pm 10/30/19
90 SC5 G02   6
0.00 0.00 0.00 0.00 15.00 0.00 0.000.000.00 3.00

*THIS SPACE IS FOR RECORDERS USE ONLY*

# GRANT DEED

(Title of Document)

Per Government Code 27388.1(a)(1) *"A fee of $75 dollars shall be paid at the time of recording on every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel or real property. "*

☐ Exempt from SB2 fee per GC 27388.1(a)(2); is a transfer subject to the imposition of documentary transfer tax", or

☐ Exempt from SB2 fee per GC 27388.1(a)(2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax", or

☐ Exempt from SB2 fee per GC 27388.1(a)(2); is a transfer of real property that is a residential dwelling to an owner-occupier", or

☒ Exempt from SB2 fee per GC 27388.1(a)(2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier", or

☐ Exempt from SB2 fee per GC 27388.1(a)(1); fee cap of $225 reached"

☐ Exempt from SB2 fee per GC 27388.1(a)(1); not related to real property

**Failure to include an exemption reason will result in the imposition of the SB2 Building Homes and Jobs Act Fee.**

**RECORDING REQUESTED BY**

Rock Star Beverly Hills LLC

**AND WHEN RECORDED MAIL DOCUMENT TO:**

Rock Star Beverly Hills LLC
c/o Olga Shabanets, Trustee
2 Monarch Cove
Dana Point, CA 92629

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: **672-461-21**                                          File No.: N/A

# GRANT DEED

The Undersigned declares that the Documentary Transfer Tax for this document is $0.00 (zero dollars). This conveyance changes the manner in which title is held, grantor(s) and grantee(s) remain the same and continue to hold the same proportionate interest, R&T 11911.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Igor Shabanets, a Married Man as his sole and separate property**

hereby GRANTS to

**Rock Star Beverly Hills LLC, a Nevada limited liability company**

the following described property in the City of Dana Point, County of Orange, State of **California**:

See Legal Description attached hereto as Exhibit A and made part hereof.
More commonly known as: 2 Monarch Cove, Dana Point, CA 92629

*NOTE – Document No. 2016000132470 was a Grant Deed recorded on 03/29/2016 to change the manner in which title to the real property referenced herein was held with grantor (Rock Star Beverly Hills, LLC) and grantee (Igor Shabanets) comprised of the same parties who continued to hold the same proportionate interest. Thereafter, this instant Grant Deed was executed on 06/01/2016 and supposed to be recorded by Parkfield Escrow, Inc., who recorded Document No. 2016000132470, to change the manner in which title to the real property referenced herein was held with grantor (Igor Shabanets) and grantee (Rock Star Beverly Hills, LLC) comprised of the same parties who continued to hold the same proportionate interest thereby reversing the previously recorded Grant Deed Document No. 2016000132470. However, Parkfield Escrow, Inc. errantly failed to record this instant Grant Deed. Grantor (Igor Shabanets) and Grantee (Rock Star Beverly Hills, LLC) just recently discovered this and now record this Grant Deed to correct that error.

A.P.N.: **672-461-21**                                          File No.: N/A

Dated: 06/01/2016

_____                _____

**Igor Shabanets**

Mail Tax Statements To:  **SAME AS ABOVE**

Grant Deed - continued

Date: 06/01/2016

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

STATE OF    CALIFORNIA                    )SS
COUNTY OF    Orange                )

On 30th October 2019, before me, Wade S Zoroya, Notary
Public, personally appeared IGOR SHABANETS
_____, who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature

*This area for official notarial seal*

# Exhibit "A"
# Legal Description

All that certain real property situated in the City of Dana Point, County of Orange, State of California, described as follows:

PARCEL 1:

LOT 2 OF TRACT NO. 12119, IN THE CITY OF DANA POINT, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 725, PAGE(S) 31 TO 34 INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ALL OR A PORTION OF THE SAME, ALL OIL, MINERALS, NATURAL GAS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL RESOURCES, METALLIFEROUS OR OTHER ORES, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, AND ALL RIGHTS ASSOCIATED WITH THE FOREGOING, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORATION AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OF THE UPPER 500 FEET (500) FEET OF THE SUBSURFACE.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR VEHICULAR AND PEDESTRIAN INGRESS AND EGRESS PURPOSES OVER LOT F OF TRACT NO. 13103, AS SHOWN ON A MAP RECORDED IN BOOK 586, PAGES 42 TO 50 INCLUSIVE, OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 3:

AN APPURTENANT, NON-EXCLUSIVE EASEMENT FOR VEHICULAR AND PEDESTRIAN INGRESS AND EGRESS, AND ACCESS, MAINTENANCE, INSTALLATION AND REPAIR OF SEWER AND UTILITY LINE AND DRAINAGE, ON, OVER, ACROSS AND THROUGH LOTS D THROUGH I INCLUSIVE, OF TRACT NO. 12674, AS SHOWN ON A MAP RECORDED IN BOOK 581, PAGES 41 TO 46 INCLUSIVE, OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA, AS SAID EASEMENT IS SET FORTH IN THAT CERTAIN EASEMENT AGREEMENT RECORDED FEBRUARY 22, 1988 AS INSTRUMENT NO. 88-77442 OF OFFICIAL RECORDS OF SAID ORANGE COUNTY.

*LEGAL DESCRIPTION CONTINUED*

0018

PARCEL 4:

AN APPURTENANT, NON-EXCLUSIVE EASEMENT FOR VEHICULAR AND PEDESTRIAN INGRESS AND EGRESS, AND ACCESS, MAINTENANCE, INSTALLATION AND REPAIR OF SEWER AND UTILITY LINE, AND DRAINAGE, ON, OVER, ACROSS AND THROUGH LOTS A THROUGH D INCLUSIVE, OF TRACT NO. 13103, AS SHOWN ON A MAP RECORDED IN BOOK 586, PAGES 42 TO 50 INCLUSIVE, OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA, AS SAID EASEMENT IS SET FORTH IN THAT CERTAIN EASEMENT AGREEMENT RECORDED FEBRUARY 22, 1988 AS INSTRUMENT NO. 88-77442 OF OFFICIAL RECORDS OF SAID ORANGE COUNTY.

PARCEL 5:

AN APPURTENANT, NON-EXCLUSIVE EASEMENT FOR THE PURPOSE OF PEDESTRIAN ACCESS ON, OVER AND ACROSS THAT PORTION OF PARCEL 2, AS SHOWN ON A MAP FILED IN BOOK 79, PAGE 20 OF RECORD OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF ORANGE COUNTY, CALIFORNIA, BEING A STRIP OF LAND, 16.00 FEET WIDE, THE CENTERLINE OF WHICH IS DESCRIBED AS FOLLOWS:

COMMENCING AT THE MOST SOUTHERLY CORNER OF SAID "PARCEL NO. 2'; THENCE ALONG THE EASTERLY LINE OF SAID PARCEL NORTH 26° 47' 47" EAST 472.01 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 85° 22' 33" WEST 40.98 FEET; THENCE SOUTH 48° 15' 00" WEST 70.72 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 20.00 FEET; THENCE ALONG SAID CURVE SOUTHERLY 16.63 FEET THROUGH A CENTRAL ANGLE OF 47° 37' 55" TO A POINT OF REVERSE CURVATURE WITH A CURVE CONCAVE WESTERLY AND HAVING A RADIUS OF 50.00 FEET, A RADIAL LINE OF SAID CURVE FROM SAID POINT BEARS NORTH 89° 22' 55" WEST; THENCE ALONG SAID CURVE SOUTHERLY 25.04 FEET THROUGH A CENTRAL ANGLE OF 28° 41' 54" TO A POINT OF COMPOUND CURVATURE WITH A CURVE CONCAVE NORTHERLY AND HAVING A RADIUS OF 76.00 FEET, A RADIAL LINE OF SAID CURVES FROM SAID POINT BEARS NORTH 60° 41' 01" WEST; THENCE ALONG SAID CURVE SOUTHWESTERLY AND WESTERLY 141.18 FEET THROUGH A CENTRAL ANGLE OF 106° 26' 01" THENCE TANGENT FROM SAID CURVE NORTH 44° °4' 00" WEST 90.68 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 140.00 FEET; THENCE ALONG SAID CURVE NORTHWESTERLY 122.20 FEET THROUGH A CENTRAL ANGLE OF 50° 00' 36" TO THE SOUTHWESTERLY LINE OF SAID PARCEL 2.

SAID STRIP OF LAND SHALL BE LENGTHENED OR SHORTENED EASTERLY SO AS TO TERMINATE IN SAID EASTERLY LINE AND WESTERLY SO AS TO TERMINATE IN SAID SOUTHWESTERLY LINE.

PARCEL 6:

AN APPURTENANT NON-EXCLUSIVE EASEMENT FOR THE PURPOSE OF PEDESTRIAN ACCESS ON, OVER AND ACROSS THAT PORTION OF LOT 56 OF TRACT NO. 13103, AS

*LEGAL DESCRIPTION CONTINUED*

0019

SHOWN ON A MAP RECORDED IN BOOK 586, PAGES 42 THROUGH 50 INCLUSIVE OF
MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA, BEING A STRIP
OF LAND, 16.00 FEET WIDE, THE SOUTHEASTERLY LINE OF WHICH IS DESCRIBED AS
FOLLOWS:

BEGINNING AT THE EASTERLY CORNER OF SAID LOT 56; THENCE ALONG THE
SOUTHEASTERLY LINE OF SAID LOT THROUGH THE FOLLOWING COURSES: SOUTH 65°
00' 00" WEST 10.48 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE
SOUTHEASTERLY AND HAVING A RADIUS OF 41.00 FEET; THENCE ALONG SAID CURVE
SOUTHWESTERLY 21.47 FEET THROUGH A CENTRAL ANGLE OF 30° 00' 00"; THENCE
TANGENT FROM SAID CURVE SOUTH 35° 00' 00" WEST 55.00 FEET TO THE BEGINNING OF
A TANGENT CURVE CONCAVE NORTHWESTERLY AND HAVING A RADIUS OF 84.00 FEET;
THENCE ALONG SAID CURVE SOUTHWESTERLY 86.57 FEET THROUGH A CENTRAL
ANGLE OF 59° 02' 47" TO THE EASTERLY LINE OF THAT CERTAIN 17.50 FEET WIDE
RECREATIONAL TRAIL EASEMENT DEDICATED TO THE ORANGE COUNTY HARBORS,
BEACHES AND PARKS DISTRICT SHOWN ON SAID TRACT NO. 13103.

SAID STRIP OF LAND SHALL BE LENGTHENED OR SHORTENED NORTHEASTERLY SO AS
TO TERMINATE IN THE NORTHEASTERLY LINE OF SAID LOT 56 AND SOUTHWESTERLY
SO AS TO TERMINATE IN SAID EASTERLY LINE OF THE RECREATIONAL TRAIL
EASEMENT.

PARCEL 7:

AN APPURTENANT NON-EXCLUSIVE EASEMENT FOR PEDESTRIAN ACCESS, AS SAID
EASEMENT IS SET FORTH IN SECTION 1.1 OF THAT CERTAIN EASEMENT AGREEMENT
RECORDED OCTOBER 16, 1989 AS INSTRUMENT NO. 89-556587 OF OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA.

PARCEL 8:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND ENJOYMENT,
DRAINAGE, ENCROACHMENT, MAINTENANCE AND REPAIRS, ALL AS DESCRIBED IN THE
DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION
OF EASEMENTS FORE MONARCH COVE ("DECLARATION'), RECORDED JANUARY 27, 1998
AS INSTRUMENT NO. 98-44277 OF OFFICIAL RECORDS OF ORANGE COUNTY,
CALIFORNIA.

*** END OF LEGAL DESCRIPTION ***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>EXHIBIT 2</u>**

5

# EXHIBIT 2

0022

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Bobby Benjy, Esq. (Bar No. 211569)<br>BENJY LAW CORPORATION<br>10250 Constellation Blvd., Suite 100<br>Los Angeles, CA 90067<br>Telephone: (310) 203-2650<br>bob@benjylaw.com<br><br>☐ *Individual appearing without an attorney*<br>☒ *Attorney for:* Plaintiffs Global Approach, Inc., et al. | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>IGOR SHABANETS,<br><br><div align="right">Debtor(s).</div> | CASE NO.: 8:19-bk-14912-TA<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: 8:20-ap-          -TA |
| GLOBAL APPROACH, INC., a Florida corporation; REMARES GLOBAL LLC, a Florida limited liability company,<br><br><div align="right">Plaintiff(s),</div><br>vs.<br><br>ROCK STAR BEVERLY HILLS LLC, a Nevada limited liability company; IGOR SHABANETS, an individual; DOES 1 through 20, inclus<br><div align="right">Defendant.</div> | **NOTICE OF STATUS CONFERENCE RE REMOVAL OF ACTION**<br><br>**[LBR 9027-1]** |

TO: ALL PARTIES IN REMOVED ACTION, ANY TRUSTEE APPOINTED IN THE BANKRUPTCY CASE, AND THE U.S. TRUSTEE:  A Notice of Removal of Action (Removal Notice) was filed under 28 U.S.C. §1452(a), FRBP 9027 and LBR 9027-1(a). A copy of the Removal Notice accompanies this Notice of Status Conference (Status Conference Notice).

| |
|---|
| Removing Party: Global Approach, Inc. |
| Date of Filing of Removal Notice: 02/27/2020 |
| Court/division from which action is removed: Superior Court of California - County of Orange - Central Justice Ctr. |
| Case No. of Removed Action: 30-2019-01113104-CU-NP-CJC |

1) **Status Conference** – A status conference on the Removal Notice has been set for:

| | |
|---|---|
| Hearing date:<br><br>Time:<br><br>Courtroom: 5B | Address:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☒ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

EXHIBIT    2

0023

2) **Service of Status Conference Notice** – Pursuant to LBR 9027-1(b)(3), no later than 14 days after the Status Conference Notice is issued and filed, the party who filed the Removal Notice must serve the Status Conference Notice on all parties to the removed action, any trustee appointed in the bankruptcy case, the United States trustee, and a judge's copy as provided in the Court Manual.

3) **Preserving Right to Jury Trial** – Pursuant to LBR 9027-1(e), no later than 14 days after service of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)), a party to the removed action must comply with LBR 9015-2 to preserve any right to trial by jury.

4) **FRBP 9027(e)(3) Statement** – Pursuant to FRBP 9027(e)(3), no later than 14 days after the filing of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)),, a party to the removed action (other than the party who filed the Removal Notice) must file with the clerk the statement required under FRBP 9027(e)(3) and serve the statement upon all other parties to the removed action.

5) **Litigation Documents** – Pursuant to FRBP 9027(a)(1) and 9027(e)(2), and LBR 9027-1(d), subject to LBR 9027-1(d)(2)(B), no later than 30 days after the filing of the Removal Notice, the party who filed the Removal Notice must file with the clerk, all of the following items pertaining to the action being removed:

    (a) A copy of the docket from the court where the removed litigation was pending; and

    (b) A copy of every document reflected on the docket, whether the document was filed by a party or entered by the court. These copies must be provided in chronological order according to the date the document was filed.

6) **Joint Status Report** - Pursuant to LBR 7016-1(a)(2), no later than **14 days prior to the Status Conference**, all parties to this adversary proceeding must participate in filing a joint status report (JSR) and deliver a judge's copy as required in the Court Manual.  The JSR must be prepared according to the instructions set forth on the court's website at www.cacb.uscourts.gov.

KATHLEEN J. CAMPBELL, CLERK OF COURT

Date: _____     By: _____
                                                   Deputy Clerk

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

_December 2014_               Page 2             **F 9027-1.NOTICE.STATCONF.REMOVAL**

0024

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN LIEBERMAN PEARL LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES BANKRUPTCY COURT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 27, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Bob Benjy    bob@benjylaw.com, sking@frandzel.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Bruce A Boice    bboice@lawyer.com, r51856@notify.bestcase.com
- Jeffrey D Cawdrey    jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com;cmendoza@marshackhays.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Tinho Mang    tmang@marshackhays.com, 8444806420@filings.docketbird.com;cmendoza@marshackhays.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- Randall P Mroczynski    randym@cookseylaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Lee S Raphael    ecfcca@ecf.courtdrive.com
- Ketan G Sawarkar    ketan.sawarkar@americaninfosource.com
- Regina Spurley    regina@raafirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) **February 27, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2020 | ADELAIDA FLORES | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

**Additional Service List**
**Via U.S.P.S. Mail**

Chambers of the Honorable
Theodor C. Albert
United States Bankruptcy Court
411 W. Fourth St., Suite 5085
Santa Ana, CA 92701-4593

Rock Star Beverly Hills LLC
c/o Olga Shabanets
2 Monarch Cove
Dana Point, CA 92629-4246

Rock Star Beverly Hills LLC
500 N. Rainbow Blvd., Ste. 300
Las Vegas, NV 89107

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**